562

The record shows that the incarcerated respondent appeared telephonically at a hearing and was grossly disrespectful to the court. When the court admonished respondent, he responded in a manner indicating that he had no respect for the court's authority. The court therefore acted properly in excluding respondent from the proceedings by disconnecting his telephone connection, and his conduct constituted a knowing and willful default (*see Matter of Anita L. v Damon N.*, 54 AD3d 630 [1st Dept 2008]; *Matter of Kondratyeva v Yapi*, 13 AD3d 376 [2d Dept 2004]; *Matter of McConnell v Montagriff*, 233 AD2d 512 [2d Dept 1996]). Accordingly, since no appeal lies from an order entered upon the aggrieved party's default, the appeal is dismissed (*see* CPLR 5511; *Anita L.*, 54 AD3d at 631). Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY GREELY, Appellant. [953 NYS2d 179]—

Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.

■ JOSEPH SANCHEZ, an Infant, by JOSE SANCHEZ, His Father and Natural Guardian, et al., Respondents, v THE CITIZENS' ADVICE BUREAU, INC., Appellant. [952 NYS2d 529]—

Thirteen-year-old plaintiff Joseph Sanchez was injured while roller skating on a trip sponsored by defendant. The record shows that Joseph was told by his father, plaintiff Jose Sanchez, that he did not want him going on the trip because Joseph had previously broken his arm. The dispute as to whether Jose consented for Joseph to go roller skating does not preclude summary judgment, nor is it dispositive that defendant transported Joseph to the rink and paid for his skates. Assuming the issue